UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E&M PROPERTIES, INC.,

    Plaintiff(s),

v.

RAZORGATOR, INC.; TICKCO PREMIUM
SEATING; and PREFERRED
TICKET.COM,

    Defendant(s).
_____/

Case No. 08-10377

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT PREFERRED TICKET.COM'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2), 28 U.S.C. 1391 OR, IN THE ALTERNATIVE, TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(A) [8]**

Plaintiff E&M Properties, Inc. filed this action against Defendants Razorgator, Inc., Tickco Premium Seating, and Preferred Ticket.com. Plaintiff asserts 6 causes of action: breach of contract (Count I); fraud, misrepresentation, concealment, and deceit (Count II); tortious interference with a contract or advantageous business relationship or expectancy (Count III); violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c) (Count IV); violation of RICO, 18 U.S.C. § 1962(d) (Count V); and unjust enrichment (Count VI). Defendant Preferred Ticket.com ("Preferred Ticket") filed this motion in lieu of an answer. Preferred Ticket argues that this Court lacks personal jurisdiction to hear the claims against Preferred Ticket, that this Court is not the proper venue for this action, and that, in any event, this case should be transferred to the United States District Court for the District of Nevada (Las Vegas). This matter comes before the

Court on Preferred Ticket's motion to dismiss pursuant to 12(b)(2) and 28 U.S.C. § 1391 or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Preferred Ticket's motion is GRANTED.

**I.     Facts**

Plaintiff E&M Properties is a Michigan corporation with its principal place of business in Oakland County, Michigan. (Compl. at ¶ 2.) Defendants RazorGator and Tickco are related entities. (Def.'s Mot. at 3.) Defendant RazorGator is a California corporation with its principal place of business in Los Angeles, California, and Defendant Tickco Premium Seating is an Arizona corporation with its principal place of business in Phoenix, Arizona. (Compl. at ¶ ¶ 3, 4.) Defendant Preferred Ticket is a Nevada corporation with its principal place of business in Las Vegas, Nevada. (Compl. at ¶ 5.) Preferred Ticket is a broker of hard to find tickets for sporting events, theatrical shows, and special events. (Def.'s Mot. at 1.) Preferred Ticket operates in Las Vegas and maintains a website to allow its customers to view a listing of available tickets and prices for events. (*Id.*) Defendants RazorGator and Tickco are also in the business of providing hard-to-find tickets. (*Id.* at 2.)

Plaintiff was a long-time customer of Defendants Tickco and Razorgator. (Pl.'s Resp. at 2.) In May 2007, Plaintiff's representative, Eugene Pallisco, contacted Defendant Tickco and inquired about obtaining tickets to various events in Las Vegas for September 2007. (Def.'s Mot. at 2; Pl.'s Resp. at 1.) Defendant Tickco filled the ticket order through Defendant RazorGator, which in turn procured the tickets through Preferred Ticket. (Def.'s Mot. at 3, Ex. A; Pl.'s Resp. at 2.) Preferred Ticket obtained the tickets and sent an invoice to and was paid by Defendant Tickco. (Def.'s Mot. at 3, Ex. C.)

In September 2007, Plaintiff traveled to Las Vegas to attend the events for which it had purchased tickets. (Pl.'s Resp. at 2.) On Saturday, September 7, 2007, Preferred Ticket's representative Gary Wilkos hand-delivered the tickets for that day's events to Plaintiff in Las Vegas. (Def.'s Mot. at 3; Pl.'s Resp. at 2.) The parties reviewed the tickets and wristbands that were provided, and everything appeared to be in order. (*Id.*) The next day, Sunday, September 8, 2007, Mr. Wilkos again hand-delivered to Plaintiff the tickets and passes for that day's events. (Def.'s Mot. at 3.)

Plaintiff was extremely disappointed with the tickets it had purchased. Plaintiff purchased VIP tickets for various events, yet claims that it received "nothing which qualified as VIP service." (Pl.'s Resp. at 3.) Plaintiff also claims that it was unable to access the areas and parties for which it had purchased tickets. (*Id.*) Ultimately, of the six events for which Plaintiff purchased tickets, only one "went the way it was supposed to." (*Id.* at 4.) Plaintiff claims that it "paid tens of thousand of dollars for tickets" and that "very little turned out as it was promised." (*Id.*)

Plaintiff filed this action on January 25, 2008. This matter is now before the Court on Preferred Ticket's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 28 U.S.C. § 1391 or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

**II. Analysis**

Preferred Ticket's motion challenges this Court's personal jurisdiction and venue and, in the alternative, asks the Court to transfer this case to the District of Nevada. The Court will consider Preferred Ticket's arguments with respect to jurisdiction first.

**A. Personal Jurisdiction**

A plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* The Court "may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* Because the Court has not conducted an evidentiary hearing, it will construe the facts in the light most favorable to Plaintiff and may not consider conflicting facts offered by Preferred Ticket. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Further, in the absence of an evidentiary hearing, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F.2d at 1458.

In this case, Plaintiff has responded to Preferred Ticket's motion by asserting that this Court has personal jurisdiction over Preferred Ticket on several grounds: under Michigan's general personal jurisdiction statute, Mich. Comp. Laws § 600.711; under Michigan's long-arm or limited personal jurisdiction statute, Mich. Comp. Laws § 600.715; and pursuant to RICO's authorization of nationwide service of process, 18 U.S.C. § 1965. The Court will consider each statute in turn.

**1. Michigan's General Personal Jurisdiction Statute**

General jurisdiction is appropriate "only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts

4

with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). Michigan's general personal jurisdiction statute states:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

Mich. Comp. Laws § 600.711.

Plaintiff does not suggest that Preferred Ticket is a Michigan corporation or that Preferred Ticket has consented to jurisdiction; rather, Plaintiff argues that Preferred Ticket has carried on "a continuous and systematic part of its general business within the state." Plaintiff's argument is premised on Preferred Ticket's allegedly "highly interactive website that directly targets Michigan consumers." (Pl.'s Resp. at 6.) This argument is easily disposed of, as the Sixth Circuit has held that a "website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Bird*, 289 F.3d at 874 (citation omitted). The *Bird* court reasoned that a website that simply allows an individual to do business with a state's residents does not permit general jurisdiction. *Id.* The operation of a website may, however, subject an individual to a court's limited jurisdiction. *Id.* Indeed, the case cited by Plaintiff for the incorrect assertion that a website is sufficient to justify general jurisdiction, *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F.

Supp. 2d 734 (E.D. Mich. 2004) (Borman, J.), rested its finding of personal jurisdiction on Michigan's long-arm statute. *Id.* at 741.

The Court thus concludes that Plaintiff has not established this Court's personal jurisdiction over Preferred Ticket pursuant to Michigan's general jurisdiction statute.

### 2. Michigan's Long-Arm or Limited Personal Jurisdiction Statute

Plaintiff also asserts that Michigan's long-arm statute establishes this Court's personal jurisdiction over Preferred Ticket. This statute provides, in pertinent part, for limited personal jurisdiction over a corporation if the action arises out of "(1) [t]he transaction of any business within the state, (2) [t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort, . . . [or] (5) [e]ntering into a contract for services to be performed or for materials to be furnished in the state by the defendant." Mich. Comp. Laws §600.715. The Michigan Supreme Court, in construing this statute, said that "the transaction of any business . . . includes 'each' and 'every' . . . [i]t comprehends the slightest." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1217 (6th Cir. 1989) (quoting *Sifers v. Horen*, 385 Mich. 195, 199 n.2, 188 N.W.2d 623 (1971)).

The application of this statute is limited by constitutional concerns of due process. *Onderik v. Morgan*, 897 F.2d 204, 208 (6th Cir. 1989); *Theunissen*, 935 F.2d at 1459. When a long-arm statute extends to the constitutional limits of the Due Process Clause, the statutory and constitutional inquiries merge, and the Court "need only determine whether the assertion of personal jurisdiction over [the defendant] violates constitutional due process." *Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). The Michigan Supreme Court has construed Michigan's long-arm statute to bestow

the broadest possible grant of personal jurisdiction consistent with due process.  *D'Amato*, 341 F. Supp. 2d at 741; *see also Sifers v. Horen*, 188 N.W.2d 623, 623-24 (1971)).  Accordingly, the Court's inquiry with respect to Michigan's long-arm statute will be limited to the due process question.

To exercise personal jurisdiction over a defendant pursuant to a long-arm statute in a way that satisfies due process, the defendant must have had minimum contacts with the forum so that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1944).[1]  In determining whether a nonresident defendant has had sufficient contacts to support limited personal jurisdiction, three criteria apply:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff argues that Preferred Ticket has purposely availed itself of the privilege of acting in Michigan because it "operates a highly interactive website which offers hard to find tickets for purchase in hundreds of venues, dozens of which are located in Michigan." (Pl.'s Resp. at 12.)  The Court need not decide this issue, for even if Preferred Ticket has purposely availed itself of the privilege of doing business in Michigan, Plaintiff cannot make

---

[1] Under the Fourteenth Amendment, the due process requirement serves two functions: 1) it protects the defendant against the burden of litigating in a distant or inconvenient forum and 2) it ensures that the states do not reach out beyond the limits imposed on them as coequal sovereigns.  *Handley v. Ind. & Mich. Electric Co.*, 732 F.2d 1265, 1271 (6th Cir. 1984).

7

the second required showing - that the cause of action arises from Preferred Ticket's activities in Michigan.

When Plaintiff wanted tickets to various events in Las Vegas, it contacted Defendant Tickco, an Arizona corporation. Tickco then used its related entity Defendant RazorGator, a California corporation, to request the tickets from Preferred Ticket. The ticket order placed by RazorGator reflects its business address in Los Angeles, California. (Def.'s Mot., Ex. A.) Preferred Ticket's invoice for the transaction indicates that the tickets were sold to Defendant Tickco at its address in Phoenix, Arizona. (Def.'s Mot., Ex. C.) The only contact between Preferred Ticket and Plaintiff occurred in Las Vegas, where Preferred Ticket's representative hand-delivered the tickets to Plaintiff.

Thus, even assuming that Preferred Ticket's website constitutes activity in the State of Michigan, this cause of action simply did not arise from that activity. Plaintiff did not utilize the website to purchase the tickets at issue here. Plaintiff contacted a California corporation, which in turn purchased the tickets directly from Preferred Ticket. "[T]he mere fact that the transaction involved a Michigan party is obviously not sufficient" to make the required showing under the second prong. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 152 (6th Cir. 1997). The Court therefore rejects Plaintiff's assertion that the second factor is met because "a Michigan resident was the purchaser of the tickets and the tickets were paid for with funds originating in Michigan." (Pl.'s Resp. at 13-14.)

### 3. RICO's Authorization of Nationwide Service

Plaintiff's final asserted basis for this Court's personal jurisdiction over Preferred Ticket is based on Plaintiff's RICO claims, found in Counts IV and V of the complaint. RICO provides for nationwide service of process. *See* 18 U.S.C. § 1965. "In an action

where service of process is effected pursuant to a federal statute which provides for nationwide service of process, the strictures of *International Shoe* do not apply." *Haile v. Henderson Nat. Bank*, 657 F.2d 816, 824 (6th Cir. 1981). Instead, "the question becomes whether the party has sufficient contacts with the United States, not any particular state." *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993) (citation omitted).

18 U.S.C. § 1965 provides:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.
>
> (c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpoenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpoena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.
>
> (d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

As is evident from the text, the statutory basis for personal jurisdiction under § 1965 could reasonably be said to rest in either subsection (b) or in subsection (d). The Sixth Circuit has not addressed this issue. The majority of circuit courts that have addressed the issue have concluded that subsection (b) gives RICO its nationwide jurisdictional reach. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006); *PT United Can*

9

*Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-72 (2d Cir. 1998)*; Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). Two circuit courts have held that subsection (d) controls. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997).

As the *Cory* court noted, many of these courts conducted minimal analysis and only briefly considered (if at all) the possibility of jurisdiction pursuant to the other subsection. 468 F.3d at 1230. The *PT United* court was the first federal appellate court "to actually analyze § 1965's full text and offer reasoning for its choice of subsections." *Id.* The *PT United* provided three bases for its conclusion that subsection (b) is the correct jurisdictional provision. First, the court concluded that subsection (a) "grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides . . . or transacts his or her affairs." 138 F.3d at 71. The court thus concluded that "a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *Id.*

The court then reasoned that subsection (b), which allows nationwide service on "other parties" not residing in the district when the "ends of justice" so require, represents a Congressional preference to "bring the action where suits are normally expected to be brought" and to avoid "haling defendants into far flung fora." *Id.* at 72. Finally, the court concluded that because subsection (c) refers only to the service of subpoenas on witnesses, subsection (d)'s "reference to all other process means process other than a summons of a defendant or subpoena of a witness." *Id.* The court thus was able to give "coherent effect to all sections of § 1965," one which "effectively provides for all

10

eventualities without rendering any of the sections duplicative, without impeding RICO actions and without unnecessarily burdening parties." *Id.*

The *Cory* court found this reasoning persuasive, 468 F.3d at 1231, and so too does this Court. Other district courts in this circuit have come to the same conclusion. *See, e.g.*, *Kattula v. Jade*, No. 07-52, 2007 WL 1695669, *3 (W.D. Ky. June 8, 2007) (referencing subsection (d) but noting that nationwide service under RICO applies only when "the court has personal jurisdiction over at least one of the" defendants and when "the ends of justice require it"); *800537 Ontario Inc. v. Auto Enters., Inc.*, 113 F. Supp. 2d 1116, 1127 (E.D. Mich. 2000) (Duggan, J.) (holding that subsection (b) governs nationwide service of process); *Suarez Corp. Indus. v. McGraw*, 71 F. Supp. 2d 769, (N.D. Ohio 1999) (noting that subsection (b) authorizes service of process). Accordingly, the Court has personal jurisdiction over Preferred Ticket pursuant to RICO only if "personal jurisdiction can be established over at least one defendant [and] . . . if required by the ends of justice." *Cory*, 468 F.3d at 1231.

Plaintiff has made a prima facie showing that the Court has personal jurisdiction over Defendant Tickco pursuant to Michigan's long-arm statute. Plaintiff alleges that it was "a longtime customer of Tickco and Razorgator." (Pl.'s Resp. at 2.) Because Plaintiff is a Michigan corporation with its principal place of business in Michigan, this is sufficient to establish that Defendants Tickco and Razorgator purposefully availed themselves "of the privilege of acting in the forum state or causing a consequence in the forum state." *Mohasco Indus.*, 401 F.2d at 381. Further, the causes of action arise from the transaction between Plaintiff and Tickco and, due to Tickco's long-time association with Plaintiff, "the acts of the defendant or consequences caused by the defendant . . . have a substantial

11

enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* Thus, because the exercise of personal jurisdiction over Defendant Tickco would not violate due process, personal jurisdiction is proper pursuant to Michigan's long-arm statute. *Tryg Intern. Ins. Co.*, 91 F.3d at 793.

The question remains whether "the ends of justice" require the Court to exercise personal jurisdiction over Preferred Ticket. The Court holds they do not. To start, Plaintiff's RICO claims are inadequate as a matter of law. This case exists because Plaintiff was disappointed with tickets it purchased from Defendants. Plaintiff attempts to convert its transaction with Defendants into an allegation of wire fraud in which "Defendants repeatedly and systematically communicated with the Plaintiff and the Class members for the purpose of effectuating their fraudulent scheme of providing a means for the Defendants to charge excessive fees for tickets to events and fraudulently misrepresented to the Plaintiff and the class members the quality of the tickets being purchased." (Compl. at ¶ 64.) As this Court very recently noted, fraud must be pleaded with particularity; this includes when fraud is used as a predicate act for a RICO claim. *Kattula v. Jade*, No. 07-12569 at 12 (E.D. Mich. April 21, 2008); *see also Blount Fin. Servs., Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152 (6th Cir. 1987) ("Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact."). Plaintiff's allegation of fraud contains no particularity, but consists only of bare assertions of legal conclusions. This is insufficient as a matter of law to establish a prima facie case of a RICO violation. *See, e.g., In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (holding that a valid claim for relief in a complaint "requires more than the bare

assertion of legal conclusions"). To assert personal jurisdiction over Preferred Tickets for six causes of action, only two of which are federal in nature, based on inadequately pleaded RICO claims, would not serve "the ends of justice."

Additionally, "the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora." *PT United*, 138 F.3d at 72. Preferred Tickets' sole interaction with Plaintiff occurred in Las Vegas. Its only other involvement in this case consisted of transactions with Defendant Tickco, an Arizona corporation, and with Defendant RazorGator, a California corporation. Preferred Ticket thus could not have expected any lawsuit arising out of this transaction to be brought in Michigan, and the Court will not allow Plaintiff to hale Preferred Ticket into this "far flung fora." *See Cory*, 468 F.3d at 1232 ("ends of justice" did not allow the defendant to be haled into a Kansas district court "simply because [the plaintiff asserted that] he has suffered damages and litigation costs in Kansas"); *Butcher's Union*, 788 F.2d at 539 ("merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions"); *800537 Ontario, Inc.*, 113 F. Supp. 2d at 1128 ("ends of justice" did not require personal jurisdiction because defendants "presumably" subject to jurisdiction in other states).

Plaintiff cannot establish that "the ends of justice" require this Court to assert personal jurisdiction over Preferred Tickets. Thus, personal jurisdiction is not appropriate pursuant to 18 U.S.C. § 1965(b)'s provision for nationwide service of process.

Accordingly, the Court holds that Plaintiff has failed to establish a prima facie case of the Court's personal jurisdiction over Preferred Ticket. Preferred Ticket's motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(2) is therefore GRANTED. This result makes it unnecessary for the Court to consider Preferred Tickets' venue and transfer arguments.

**III. Conclusion**

For the above-sated reasons, Defendant Preferred Ticket.com's motion to dismiss is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: April 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager